09-2266-ag
Qiu v. Holder

BIA
Mulligan, IJ
A 093 397 343

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand ten.

PRESENT:

        JOHN M. WALKER, JR.,
        BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
            *Circuit Judges.*

_____

REN CHANG QIU,
      *Petitioner,*

      v.                         09-2266-ag
                                   NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Henry Zhang, New York, New York.

FOR RESPONDENT:      Benton J. Campbell, United States Attorney; Margaret M. Kolbe, Assistant United States Attorney; Dione M. Enea, Special Assistant United States Attorney, Brooklyn, New York.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ren Chang Qiu, a native and citizen of China, seeks review of the April 30, 2009 order of the BIA affirming the November 1, 2007 decision of Immigration Judge ("IJ") Thomas J. Mulligan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ren Chang Qiu*, No. A 093 397 343 (B.I.A. April 30, 2009), *aff'g* No. A 093 397 343 (Immig. Ct. N.Y. City Nov. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions -- or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As an initial matter, in his brief before this Court, Qiu does not challenge the IJ's findings that:(1) although he testified and stated in his revised asylum application that, in August 2004, he was beaten, detained, and arrested, and that his wife had a second IUD forcibly inserted, he made no such allegations in his original asylum application; and (2) the "striking similarities" between statements from Qiu's wife and father undermined his credibility. Thus, he has waived any challenge to those findings, *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005), and they stand as valid bases for the IJ's adverse credibility determination.[1] *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-147 (2d Cir. 2008).

---

[1] Beyond waiving any challenge to these findings, Attorney Henry Zhang includes large portions excerpted from an unrelated brief. For example, Qiu argues in his brief that the BIA erred by failing to consider the economic harm he suffered, however economic harm was not an issue in this case. Furthermore, the brief frequently refers to the petitioner as "Mr. Ou," rather than Mr. Qiu, and recounts facts irrelevant to Qiu's case. Briefing of this sort is unacceptable, and represents a continuation of the trend of poor quality briefing about which Mr. Zhang has previously been warned.

Rather than challenge the key findings described above, Qiu disputes the IJ's assessment of his demeanor. In his decision, the IJ found that Qiu "looked embarrassed when he answered questions, and he appeared concerned that he was making a mistake with his answer." The IJ also observed that, throughout his testimony, Qiu was "wringing his hands, picking at his hands, and was extremely nervous." In addition, the IJ noted that when Qiu was asked about his wife's persecution, he was "very eager to talk about his own purported problems, rather than listening to the question that was presented." Qiu argues that the IJ did not make specific demeanor findings on the record, making it impossible for this Court to determine whether "these activities occurred at a critical point in the testimony." However, the record belies this argument insofar as the IJ noted Qiu's difficulty responding to questions about his wife's alleged persecution. Qiu also argues that he tended to speak about his own problems because he was nervous appearing before the court, but, although all aliens appearing at their removal hearing are likely to be nervous, no reasonable fact-finder would be *compelled* to credit this explanation. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). In any event, we generally defer to an IJ's demeanor findings and find no reason not to do so here. *See*

4

*Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (IJ "is in the best position to discern, often at a glance, whether . . . a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'; and whether inconsistent responses are the product of innocent error or intentional falsehood"); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

Ultimately, the IJ's credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 167. Therefore, the IJ did not err in denying Qiu's application for asylum, withholding of removal, and CAT relief because the only evidence that Qiu would be persecuted or tortured depended on his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk